ROBERTSON, Justice.
The Appellees, Deland D. Harris and his wife, Josephine Wall Harris, own and live upon 340 acres of land in Newton County, Mississippi, on the north side of U. S. Highway 80 between Lake and Lawrence, Mississippi. The north 36 acres is separated from the south 304 acres by a county road. The Mississippi State Highway Commission has condemned a 27.40 acre strip across the Harris property for Interstate Highway 20. One hundred and eighty acres fronting on U. S. Highway 80 is south of the proposed right-of-way for Interstate Highway 20 and 132.42 acres lies north of the proposed Interstate Highway 20. One hundred acres of the south 180 acre tract is open pasture land and the remaining acreage is wooded pasture land.
The home of the appellees fronts on U. S. Highway 80 and no improvements will be affected by the taking. The strip of land condemned for highway purposes is low and wooded. The 132.42 acre tract north of the proposed right-of-way is in woods.
The special eminent domain court jury returned a verdict for $23,500.00 damages. The Commission appealed to the Circuit Court of Newton County, and the jury verdict there was for $20,000.00.
The 'Commission then appealed to this Court and assigned as error: (1) admitting the testimony of the witness, C. C. Coats, (2) granting an instruction to the landowners that in arriving at their verdict the jury may consider any elements of inconvenience which are not speculative and remote, and (3) the verdict of the jury is grossly excessive and evinces bias, passion and prejudice on the part of the jury. We do not think that the jury was misled by the Coats’ testimony, and we feel that the instructions as a whole fairly presented the law, so we will only discuss the third assignment of error.
The landowners cross-appealed and assign as error the excluding of the testimony of J. L. Nance, one of their appraisers and witnesses. There were four real estate men who testified for the defendants and also a timber appraiser. We do not feel that the defendants were prejudiced by the excluding of Nance’s testimony. The damages as testified by the three appraisers for the Highway Commission ranged from $4,216.50 to $6,420.00.
The damages as testified by the three witnesses (excluding Defendant Harris) for the appellees ranged from $25,000.00 to $33,275.00.
The highest valuation of any of the witnesses placed on the actual land taken for highway purposes was $250.00 per acre, so the 27.40 acre strip would be valued at $6,850.00. The cost of replacing fencing was set by one witness at $800.00 and by another at $850.00. If we allowed $1,000.00 for fencing, the total for the actual land taken and for fencing would be $7,850.00.
The testimony was that before the coming of Interstate Highway 20 the appellees had easy access to the entire 304 acres south of the county road. After Interstate 20 is constructed, it will be necessary for the appel-lees to travel six or seven miles in going to their 132.42 acre tract lying north of Interstate 20. -If we allowed $7,150.00 as severance damages, we feel that we would be liberal to the property owners. We, therefore, feel that the outside limit of damages suffered by the appellees on account of the taking of 27.40 acres for highway purposes should be $15,000.00.
We are of the opinion, therefore, that the verdict of the jury for $20,000.00 is excessive and evinces bias, passion and prej *536 udice on the part of the jury. The judgment of the trial court will be reversed and the cause remanded for a new trial unless the appellees enter a remittitur of $5,000.00 within fifteen days, after this judgment becomes final. In the event the remittitur is made, then the judgment will be affirmed for $15,000.00; otherwise, the judgment is reversed and the cause remanded for a new trial.
Affirmed with remittitur; otherwise reversed and remanded.
ETHRIDGE, C. J., and JONES, BRADY and INZER, JJ., concur.